United States District Court
Southern District of Texas
**ENTERED**
October 07, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIK IVAN RIVERA, | § | |
| SPN #2399218, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-21-3222 |
| | § | |
| HARRIS COUNTY SHERIFF | § | |
| ED GONZALES, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

The petitioner, Erik Ivan Rivera (SPN #2399218), is presently in custody at the Harris County Jail. He has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody ("Petition") (Docket Entry No. 1), challenging a conviction for indecency with a child in Harris County Case No. 143114401010. After considering all of the pleadings as required by Rule 4 of the Rules Governing Section 2254 Cases, the court will dismiss this action without prejudice for the reasons explained below.

### I. Background

Rivera discloses that he was convicted of indecency with a child "by exposure" and sentenced to two years' imprisonment by the 208th District Court of Harris County, Texas.[1]  Because of this

---

[1] Petition, Docket Entry No. 1, p. 2.

conviction he was also required to register as a sex offender.[2] Rivera did not file an appeal from the conviction and he has not pursued habeas corpus or other collateral review in state court.[3]

On October 4, 2021, this court received Rivera's federal habeas Petition, which seeks relief from his conviction for indecency with a child for the following reasons:

(1) There was a defect in his indictment because he was not represented under the MHMR (Mental Health Mental Retardation) caseload and there was no evidence that the child showed any "traces of sexual contact."

(2) His indictment was defective for charging him as "Eric Rivera" when his "legal name and corporation is ERIK IVAN RIVERA."

(3) The victim's mother referred to him as her daughter's "boyfriend."

(4) He was denied his right to be "represented as an MHMR" or "mental health patient" during his proceeding.

(5) The victim's mother "recorded [a] phone call showing her approval of [Rivera] and [the victim] messing around."[4]

Rivera asks this court to set aside his conviction and award compensatory damages for every year that he served in prison or as

---

[2]Id.

[3]Id. at 2-3. Rivera indicates that he filed a federal habeas corpus proceeding, which is pending in Rivera v. Gonzales, Civil No. H-21-2667 (S.D. Tex.). Rivera's initial pleading in that case takes issue with his confinement pursuant to new criminal charges that are pending against him in Harris County Case No. 169666201010 and makes no mention of his conviction for indecency with a child in Case No. 143114401010. See Petition, Docket Entry No. 1, pp. 1-10, in Civil No. H-21-2667 (S.D. Tex.).

[4]Petition, Docket Entry No. 1, pp. 6-8.

a sex-offender subject to the registration requirement.[5]  Because Rivera has not raised these claims previously in state court, his federal habeas Petition is subject to dismissal for lack of exhaustion.

## II.  Discussion

A federal court may not grant habeas corpus relief under 28 U.S.C. § 2254 unless the petitioner "has exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1)(A); Fisher v. Texas, 169 F.3d 295, 302 (5th Cir. 1999).  To satisfy this requirement "the petitioner must afford the state court a 'fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim.'"  Bagwell v. Dretke, 372 F.3d 748, 755 (5th Cir. 2004) (quoting Anderson v. Harless, 103 S. Ct. 276, 277 (1982)).  This means that a petitioner must present his claims in a procedurally proper manner to the highest court of criminal jurisdiction in the state, which in Texas is the Texas Court of Criminal Appeals.  See O'Sullivan v. Boerckel, 119 S. Ct. 1728, 1731-34 (1999); Richardson v. Procunier, 762 F.2d 429, 432 (5th Cir. 1985).

A Texas criminal defendant may exhaust remedies by taking the following paths to the Texas Court of Criminal Appeals:  (1) the

---

[5]Id. at 7.  Rivera's claim for monetary compensation is not actionable in a habeas proceeding.  See Preiser v. Rodriguez, 93 S. Ct. 1827, 1838 (1973) ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy.").

petitioner may file a direct appeal from a judgment of conviction followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals; and/or (2) he may file an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary. See Tex. Code Crim. Proc. art. 11.07 § 3(c). "Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings." Busby v. Dretke, 359 F.3d 708, 723 (5th Cir. 2004).

The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Moore v. Quarterman, 454 F.3d 484, 490-91 (5th Cir. 2006) (citations and internal quotation marks omitted). Exceptions exist only where there is "an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B).

The pleadings reflect that Rivera has not raised any of his claims before the Texas Court of Criminal Appeals, either in a petition for discretionary review or in a state habeas corpus application under Article 11.07 of the Texas Code of Criminal

Procedure.⁶  Rivera does not show that state habeas corpus review is unavailable or that he fits within a recognized exception to the exhaustion doctrine.  Under these circumstances, the pending federal habeas Petition must be dismissed for lack of exhaustion. See Castille v. Peoples, 109 S. Ct. 1056, 1059 (1989) (A petition under 28 U.S.C. § 2254 should be "dismissed if state remedies [have] not been exhausted as to any of the federal claims.") (citing Rose v. Lundy, 102 S. Ct. 1198, 1199 (1982)).

### III.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.  A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)).  Where denial of relief is based on procedural grounds the petitioner must show not

---

⁶Petition, Docket Entry No. 1, pp. 3-4.  Public records of Texas judicial proceedings confirm that Rivera has not filed any petition or habeas application that has reached the Texas Court of Criminal Appeals.  See Texas Judicial Branch website, available at: http://search.txcourts.gov (last visited Oct. 6, 2021).

only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604. Because reasonable jurists would not debate that the petitioner has not yet exhausted available state court remedies, a certificate of appealability will not issue.

### IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Petition for a Writ of Habeas Corpus by a Person in State Custody filed by Erik Ivan Rivera (Docket Entry No. 1) is **DISMISSED without prejudice** for lack of exhaustion.

2. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the petitioner.

**SIGNED** at Houston, Texas, on this 7th day of October, 2021.

                                    SIM LAKE
                    SENIOR UNITED STATES DISTRICT JUDGE